NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PEDRO N. IBANEZ,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1113

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00767-LAS, Senior Judge Loren A. Smith.

---

Decided: December 12, 2024

---

PEDRO N. IBANEZ, Temecula, CA, pro se.

CONRAD JOSEPH DEWITTE, JR., Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by SCOTT DAVID BOLDEN, BRIAN M. BOYNTON.

---

Before LOURIE, DYK, and PROST, *Circuit Judges*.

PER CURIAM.

Pedro Ibanez appeals from a decision of the U.S. Court of Federal Claims ("the Claims Court") dismissing his copyright infringement claims *sua sponte* pursuant to Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") for lack of subject-matter jurisdiction. *Ibanez v. United States*, No. 23-767, 2023 WL 4715176 (Fed. Cl. July, 24 2023) ("*Decision*").

For the following reasons, we *affirm* that dismissal, but we do so on the ground that Ibanez failed to state a claim upon which relief can be granted under RCFC 12(b)(6).

## BACKGROUND

Ibanez filed a complaint against the United States ("the government"), alleging copyright infringement. *See* S.A. 1005–08.[1] Specifically, Ibanez alleges that "[s]ince 2009 [the] US Government has copied and implemented unique information" from his written work entitled "NO TAXES NO POVERTY STRONG GOVERNMENT" ("1998 Book"). S.A. 1006. He contends that the government's use of his work "was a substantial factor in the successful exit of the country from the Pandemic of 2020–2021." *Id.*

Ibanez attached copies of two government works with his complaint: a partial version of a 2021 Monetary Policy Report published by the Federal Reserve ("2021 Report"), *see* S.A. 1040–52, and a 2022 speech by the Chairman of the Federal Reserve ("2022 Speech"). S.A. 1073–76. Ibanez does not address either government work in his complaint, let alone allege that either work contains material copied from his 1998 Book. *See* S.A. 1005–08.

The Claims Court, upon review of the complaint and its corresponding attachments, issued an order for Ibanez "TO SHOW CAUSE as to why this case should not be dismissed

---

[1] "S.A." refers to the supplemental appendix included with Defendant-Appellee's informal brief.

pursuant to RCFC 12(h)(3)." S.A. 1095. Ibanez responded by citing 28 U.S.C. § 1498(b), which generally provides the Claims Court with jurisdiction over copyright infringement claims made against the government. S.A. 1097–1101. The Claims Court then determined that "[t]he allegations asserted in the Complaint—that the Government 'copied and implemented unique information' from [Ibanez]'s copywritten work, which 'was a substantial factor in the successful exit of the country from the Pandemic of 2020–2021'—fall into the category of 'frivolous' or 'clearly baseless.'" *Decision*, at *1 (citations omitted). The Claims Court therefore dismissed the claims for lack of subject-matter jurisdiction under RCFC 12(h)(3) because "claims supported by facts that are 'delusional,' 'clearly baseless,' or 'rise to the level of the irrational or the wholly incredible'" cannot fall within the Claims Court's jurisdiction. *Id.* (quoting *Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011)).

Ibanez filed a motion for reconsideration, *see* S.A. 1103, which was denied. S.A. 1004. Ibanez timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's legal conclusions, such as a dismissal of a complaint for failure to state a claim, *de novo*. *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a dismissal under RCFC 12(b)(6), "we must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the appellant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). Although pleadings must be construed liberally for *pro se* litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007),

"regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (cleaned up).

To state a plausible claim of copyright infringement, a complaint must adequately allege: "(1) ownership of a valid copyright, and (2) *copying* of constituent elements of the work that are original." *Gaylord v. United States*, 595 F.3d 1364, 1372 (Fed. Cir. 2010) (emphasis added) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, Ibanez has plausibly alleged ownership of a valid copyright. He provided, with his complaint, a copy of a certification of registration for the 1998 Book from the U.S. Copyright Office. S.A. 1010–11. Ibanez has not, however, plausibly alleged any actual "copying" of the 1998 Book. He only makes the conclusory allegation that the government has copied the 1998 Book but does not provide any factual support for that allegation. *See* S.A. 1006. Specifically, Ibanez does not identify what government works allegedly infringe, how such works allegedly infringe, or who committed the alleged infringement. *Id.* The only government works that Ibanez provided were a 2021 Report (S.A. 1040–52) and a 2022 Speech (S.A. 1073–76), but even so, Ibanez does not contend that either work contains material copied from the 1998 Book. *Id.* at 1006–08, 1070–72.

In fact, Ibanez admits that the government did not reproduce or distribute any copies of any part of the 1998 Book or otherwise violate any of his exclusive rights as the 1998 Book's copyright owner. *See* S.A. 1072 ("Plaintiff and Defendant words are different but intended Meaning and Expression is REASONABLY SIMILAR"). Instead, Ibanez merely alleges that the government implemented *the ideas*

expressed in his 1998 Book. *See* S.A. 1006 (alleging that the government "implemented unique information" from the 1998 Book, including "How to manipulate the money supply without incurring Hyperinflation" and how to "Print and Distribute Unlimited money"). Although copyright protection extends to literary works, 17 U.S.C. § 102(a), it does not extend to the facts and ideas expressed in such copyrighted work. *Id.* § 102(b); *see Boyle*, 200 F.3d at 1373 ("Copyright protection does not extend to ideas expressed in a copyrighted work."). Thus, even if the government's actions were modeled after the ideas expressed in Ibanez's 1998 Book, that would not affect any claim of copyright infringement. *Id.* Ibanez's allegations therefore cannot support a claim for relief under RCFC 12(b)(6).

## CONCLUSION

Ibanez failed to state a claim for relief under RCFC 12(b)(6), and thus the trial court correctly determined that Ibanez's claims should be dismissed. We have considered Ibanez's remaining arguments and find them unpersuasive. Accordingly, the Claims Court's decision is *affirmed*.

**AFFIRMED**